**Donald Ray TURCI, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15641.**

Court of Criminal Appeals of Oklahoma.

March 10, 1971.

**612**

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Robert Mitchell, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in Error, Donald Ray Turci, hereinafter referred to as defendant, was convicted by jury verdict of Burglary Second Degree, After Former Conviction of a Felony in the District Court of Oklahoma County, Case No. CRF–69–1025. Judgment and sentence was imposed on September 26, 1969, fixing punishment at ten years imprisonment, and this appeal perfected therefrom.

Briefly stated, the evidence established that a number of guns belonging to Sanders Parks Tyner were unlawfully taken from his residence in Oklahoma County. Police Officers Acox and Schimmels testified that on May 6, 1969, at approximately 11:00 P.M., they stopped a vehicle for a defective tag light. Officer Schimmels looked into the vehicle and saw a number of guns. The occupants of the vehicle, defendant, Donald Stoltz and Van Hamilton, were arrested and searched. In addition to the guns removed from the floor of the vehicle, a pistol was removed from the person of the defendant. The owner of the stolen guns, Mr. Tyner, identified the 23 guns thereby discovered as being his property.

Donald Stoltz testified that he, defendant, and Hamilton planned to steal the guns from Mr. Tyner's residence. Stoltz stated that he and the defendant entered the residence, opening a window, and removed the guns to the vehicle driven by Hamilton.

Defendant testified that he was eating in a restaurant with his brother on May 6, 1969, when Stoltz and Hamilton entered. After visiting awhile, defendant left with Stoltz and Hamilton in the vehicle driven by Hamilton. Defendant says Stoltz gave

him the pistol. Shortly thereafter they were stopped and arrested. Defendant denied entering the residence of Mr. Tyner, or taking the guns. Defendant contends that the trial court erred in overruling his demurrer and motion to suppress evidence obtained from an illegal arrest and search. Defendant argues that he committed no offense in the presence of the officers justifying his arrest. In support he cites Fields v. State, Okl.Cr., 463 P.2d 1000 (1970), and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, that illegally seized evidence or fruits thereof must be excluded. Although defendant correctly states the law, we think these rulings are distinguishable from the facts of this case.

█ The stopping of the vehicle for a defective tag light was proper as an offense in the presence of the officers. There is nothing in the record to indicate that this was a sham arrest. While defendant was still in the vehicle, the officer inquired and learned his name and that he was a felon. The officer then saw the guns in open view without making any search. Evidence discovered in open view when the officer has a legal right to be there is admissible. Battles v. State, Okl. Cr., 459 P.2d 623 (1969). Stone v. State, Okl.Cr., 442 P.2d 519 (1968). Accordingly we find defendant's contention to be without merit.

█ It is defendant's further assignment of error that he was unlawfully convicted on the uncorroborated testimony of an accomplice in violation of 22 O.S.1961, § 742, which provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

Defendant is correct that the witness Donald Stoltz was an accomplice and his uncorroborated testimony would be insufficient to support a conviction. However, aside from Stoltz's testimony, the evidence established defendant's presence in the vehicle with the stolen guns and that he had one of the guns on his person. This is independent evidence which "tends to connect the defendant with the commission of the offense" corroborating the accomplice's testimony beyond merely showing the commission of the offense.

█ It is not essential that evidence corroborating accomplice shall cover every material point testified to by the accomplice, or be sufficient alone to warrant a verdict of guilty. Crum v. State, Okl.Cr., 383 P.2d 45 (1963). From the corroboration by independent evidence of a material fact, the jury may infer that the accomplice speaks the truth as to all. Hardesty v. State, Okl.Cr., 291 P.2d 351 (1956). Corroboration as to a single material fact by independent evidence may be sufficient. Bliss v. State, 47 Okl.Cr. 225, 287 P. 778 (1930). Thus, we find in the instant case that there was corroboration by independent evidence of material facts that connect defendant with the commission of the crime.

█ Defendant's further contention that the prosecution failed to establish venue is without merit. The testimony of Tyner and Stoltz both established that the offense was committed in Oklahoma County. We find that the State constitutional requirement, Article II, Section 20, was satisfied.

Therefore, after considering defendant's assignments of error, and finding them to be without merit, we conclude that the judgment and sentence must be affirmed.

BUSSEY, P. J., and BRETT, J., concur.