**William L. BONHAM, II, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. A–17500, A–17501.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1973.

Rehearing Denied April 3, 1973.

J. M. Sheehan and James H. Bellingham, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., and Robert Dennis, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, William L. Bonham, II, hereinafter referred to as defendant, was convicted in the District Court of Carter County, Case No. CRT–71–184, with the offense of transporting an open container of alcoholic beverage with punishment fixed at a fine of $200.00; and convicted in Case No. CRM–71–46, with the offense of operating a motor vehicle while under the influence of intoxicating beverages with punishment fixed at a fine of $250.00 and sixty (60) days in the County Jail.

Both offenses were tried jointly without objection and the judgments were imposed on May 31, 1972.

On appeal, defendant contends that the trial court erred in overruling a motion to suppress the results of physical coordination tests for intoxication performed by the defendant "without the defendant first being advised of his Fifth Amendment constitutional rights against self-incrimination." The defendant further contends that the trial court erred in overruling a motion to suppress evidence of a cup containing an alcoholic beverage and a liquor bottle as they were the result of an illegal search and seizure.

These offenses arose out of the defendant's arrest while he was operating an automobile on February 2, 1971. At the hearing on the motion to suppress, the two arresting officers and the defendant testified. Officer Rogers testified that he followed the defendant's vehicle for over a mile and observed the automobile weaving onto the shoulder and back across the center line. After pulling the defendant over to the shoulder of the highway, the officer read the defendant his *Miranda* rights [1] and asked him to perform some physical coordination tests for intoxication. Officer Rogers testified that he believed the defendant was under the influence of alcohol and that these tests were given in furtherance of that belief. According to Officer Rogers, the defendant made no verbal expression when the *Miranda* warnings were given to him and performed the physical coordination tests without protest. Officer Rogers further testified that when he approached the vehicle, he saw a cup of liquid which smelled and looked like liquor setting on the console of the automobile. While standing by the side of the automobile, the officer observed the neck of a bottle of liquor, protruding from underneath the driver's seat.

Officer Roush testified that he also observed the defendant's automobile weaving down the highway. According to Officer

1. Per Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 13 L.Ed.2d 694 (1966).

Roush, the defendant was disorderly dressed, had the odor of alcohol on him, was unsteady on his feet, and could not walk in an erect manner. Officer Roush testified that *Miranda* warnings were given to the defendant after he had performed the physical coordination tests for intoxication. According to Officer Roush, the defendant nodded his head and commented, "Well, I knew I shouldn't have had that drink."

The defendant testified at the hearing on the motion to suppress that he was asked by the officers to walk to the rear of his automobile and perform certain physical tests without being advised of his constitutional rights. The defendant further testified that he had a mixed drink in his car, but that the bottle of liquor was in his glove compartment.

It is apparent that there was conflicting evidence as to whether the defendant was advised of his constitutional rights against self-incrimination prior to his performance of any of the physical coordination tests for intoxication. One officer testified that the defendant was advised before performing any tests, while the other officer indicated that the defendant was advised of his rights after he had performed the tests. The defendant claims that he was asked to perform the tests before being advised of his rights. It is familiar rule in this jurisdiction that " 'Trial court's ruling on motion to suppress evidence will be sustained where there is conflicting testimony * * in the record to sustain court's finding.' " Hogan v. State, 94 Okl.Cr. 375, 236 P.2d 276 (1951). " 'The question of suppressing evidence being a judicial one, this court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the findings of the trial court.' " Luna y. State, Okl.Cr., 481 P.2d 814 (1971).

■ We are satisfied that there was competent evidence before the trial court at the hearing on the motion to suppress which would support the conclusion that the defendant was competently advised of his rights against self-incrimination before he performed the physical coordination tests for intoxication. Accordingly, we find that the trial court's ruling was not in error and that testimony concerning defendant's performance of such tests was admissible.

■ As to the second assignment of error, we are unable to accept defendant's view that the liquor bottle and cup containing an alcoholic beverage were obtained through an unlawful search and seizure. According to Officer Roush, "You could stand outside the car, a foot or foot and a half and look in the car and see the mixed drink in that little car caddy like you've got in the front of the seat on the transmission." Likewise, the liquor bottle was in open view as "the neck of the bottle was sticking out from underneath the seat." It is apparent that these items were in clear, open view to anyone who would look into the car's interior from the outside. Not only were the items in open view, but they were evidence of the offense for which the defendant was arrested. As we have previously held, "The constitutional guaranty against unlawful search and seizure does not prevent seizure incident to a lawful arrest where the evidence is not concealed but in open view, and where it would logically tend to prove elements of the offense charged." Turci v. State, Okl.Cr., 482 P.2d 611 (1971). Battles v. State, Okl.Cr., 459 P.2d 623 (1969). Defendant's reliance upon Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), is misplaced when the item seized was in open view from a place where the seizing officer had a right to be. In this case there was no intrusive search of the car interior for unseen items. Accordingly, we find that the trial court did not err in overruling the defendant's motion to suppress the liquor bottle and the cup containing alcoholic beverage found in the front seat of the automobile.

Therefore, having considered defendant's assignments of error, and finding them to

be without merit, we conclude that the judgments and sentences should be, and the same are hereby, affirmed.

BUSSEY and BLISS, JJ., concur.