**Benjamin N. BUTLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-75-644.**

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1976.

As Corrected Feb. 5, 1976.

Don Anderson, Public Defender, Benjamin N. Butler, pro se, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Benjamin N. Butler, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–2260, for the offense of Concealing Stolen Property, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1713. His punishment was fixed at a term of ten (10) years' imprisonment in the State penitentiary. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Anthony Pratt testified that he was employed as a detective for the Midwest City Police Department and that on July 6, 1974, he went to the Regal 8 Motel located at 5801 Tinker Diagonal in Midwest City at approximately 7:00 p. m. and arrested the defendant and others. He went to the motel as the result of an investigation he was making regarding a "till-tapping." He had received information that a certain vehicle was involved and that the vehicle was frequently seen at the Regal 8 Motel. He further had a physical description of the person involved. His visit to the motel was prompted by a call from the motel manager, to whom he had given the physical description of that person. He was directed to room 139 and just as he got to the door he observed a motel maid knock on the door and enter. When Officer Pratt knocked on the door one Clyde Pickard met him at the door and upon inquiry Pickard stated that he was the owner of the vehicle in question. The was open about 10 or 12 inches and Officer Pratt observed a cooking spoon, balloons, a belted loop, syringes, a white granular substance, marihuana and cotton balls on the bed. He thereafter arrested all occupants for possession of narcotics. The room had been rented to Clyde Pickard who had registered under the name of Davis. Officer Pratt also found in the room two check writers, one from Oklahome Typewriter Company which he later learned to be stolen, and one check writer from Kilpatrick Brothers, Inc., with a number a checks from the latter firm. Officer Pratt identified the Oklahoma Typewriter Company check writer in court by the serial number. He further testified that he took a written statement from Sandra Littlejohn, one of the occupants he had arrested.

Roy Harris, Jr., testified that he was the manager of the Oklahoma Typewriter Company and that early on July 6, 1974, their place of business had been burglarized. One of the missing items was a check writer which he identified in court by the serial number as being one of those seized at the motel by Officer Pratt.

Sandra Littlejohn testified that she was present in the motel room with the defendant and others on the date Officer Pratt arrested them. Earlier that evening she had seen the defendant remove a check writer from the rear of a white Cadillac parked at the door of room 139 of the Regal 8 Motel. The defendant told the group in the room that he had gotten it at the Oklahoma Typewriter Company. She identified State's Exhibit No. 1 as the signed statement which she had given the police. Witness Littlejohn further testified that before the preliminary hearing she had a conversation with defendant in which he asked her to testify that she did not know where the check writer came from in order that he might get into the service. She further testified that the narcotics and paraphernalia on the bed were where they could have been seen by anyone standing outside the door when the door was open.

The State then rested.

The defendant did not testify nor offer any evidence in his behalf.

The defendant's previous felony conviction was stipulated.

■ Defendant's first assignment of error asserts that the verdict is not supported by the evidence. We are of the opinion that there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged. Under such circumstances, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Williams v. State,* Okl.Cr., 373 P.2d 91 (1962).

■ Defendant's second assignment of error asserts the punishment is excessive. This Court will not modify a sentence unless we can conscientiously say under all the facts and circumstances the sentence is so excessive as to shock the con-

science of this Court. We need only observe, in the instant case, the punishment was within the range provided by law and does not shock the conscience of this Court. See, *Roberts v. State,* Okl.Cr., 473 P.2d 264 (1970).

Defendant's third assignment of error asserts the trial court erred in not sustaining his motion to suppress the check writer because of an illegal search and seizure.

■ We first observe that there was no search involved as Officer Pratt testified that he could see contraband drugs and paraphernalia from outside the open door. After entering the motel room he observed the check writing machine and approximately 70 checks totalling $14,000.00 in plain view. Officer Pratt further testified that he asked who the owner of the check writer was and no reply was received from any of the people in the room. Thereafter he seized the check writer. It is our opinion that Officer Pratt was in a place where he legally had a right to be and after no one in the room claimed ownership of the check writer he had a right to seize same. Therefore, the check writer was properly admitted into evidence.

Defendant, pro se, alleges that the court improperly admitted a certain brown envelope containing heroin which had been seized in the motel room at the time of his arrest.

We have carefully reviewed the entire record before this Court and nowhere do we find where the State ever offered, nor the court ever admitted, into evidence the above mentioned brown envelope containing heroin. We therefore find this assignment of error to be completely without merit.

It is therefore our opinion, finding no merit to the assignments of error presented, that the judgment and sentence appealed from should be and the same is hereby, *affirmed.*