**Ted FAULKNER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–334.**

Court of Criminal Appeals of Oklahoma.

Aug. 18, 1976.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Ted Faulkner, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Creek County, Case No. CRF–74–3, for the offense of Burglary in the Second Degree. Judge Charles S. Woodson presided, sitting without a jury and sentenced the defendant to two (2) years of institutional confinement, from which sentence the defendant brings this timely appeal.

Testifying for the prosecution, State Trooper Jack Choate stated that on the morning of January 28, 1974, while off duty he witnessed three (3) men exiting Raymond Lewis' residence. Choate identified one of the men as the defendant. Being acquainted with the Lewis', and his suspicions aroused, Choate turned his vehicle around to investigate further. As he approached the Lewis' driveway an automobile pulled out in front of him. Choate identified the driver as the defendant and one of the passengers Danny Longoria. Choate also gave a description of the car including its tag number. Armed with this information and impelled by the Lewis' subsequent reports of a burglary, Choate traced the ownership of the automobile to Danny Longoria and obtained Longoria's current address. Arriving at that address Choate and two (2) deputies observed the defendant leave the apartment and start to drive away in the automobile previously seen at the Lewis'. The defendant was stopped and arrested. Proceeding to the apartment the officers were met at the door by Danny Longoria, whom they arrested. Choate testified that from outside the apartment he could see a pillow case which matched the description of the one missing from the Lewis' and that, based on

this observation, a search was conducted which exposed additional property belonging to the Lewis'. The defendant's motions to suppress the fruits of this search were denied.

The testimony of Raymond Lewis set forth that when he left his house at 7:00 a. m. on January 28, 1974, all was in order, but that when he returned in the afternoon a number of items were missing.

June Lewis testified that on January 28, 1974, as usual, she left the house a few minutes after her husband and that, as was her habit, she closed all the doors and locked all but the front door. Upon returning home she noticed that several possessions were absent. The cross-examination divulged that Mrs. Lewis could not specifically recall shutting the front door on the day in question, and that her belief was an assumption based on prior habit.

At this juncture the State rested. The defendant's renewed motion to suppress and a demurrer to the State's evidence were overruled.

The defendant did not testify, nor did he present any evidence in his behalf.

■■■ The defendant's first assignment of error propounds that it was error to overrule the defendant's motion to suppress. The defendant correctly asserts that as a basic premise a warrantless search is illegal and the State is saddled with the burden of establishing an exception to the rule. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L. Ed.2d 564 (1971); *Sam v. State,* Okl.Cr., 500 P.2d 291 (1972). The exception employed in this instance is the plain view doctrine which was well charted in *Coolidge v. New Hampshire,* supra, wherein the court said:

"It is well established that under certain circumstances the police may seize evidence in plain view without a warrant

. . .

"What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure."

An application of this doctrine to the instant case discloses that the evidence plots a course which avoids a collision with the defendant's fourth amendment right. The officers were at the apartment for a "legitimate reason" i.e., to discover the whereabouts of Danny Longoria and secure his arrest. Additionally, the observation of the missing pillow case was an inadvertent extension of this presence which made it "immediately apparent to the police that they [had] evidence before them." *Coolidge,* supra, 403 U.S. 466, 91 S.Ct. 2038, 29 L.Ed.2d 583. Oklahoma authority on point exists in *Butler v. State,* Okl.Cr., 545 P.2d 1298 (1976) and *Gessman v. State,* Okl.Cr., 500 P.2d 1092 (1972).

■■■ The defendant's second assignment of error holds that the evidence was insufficient to support the verdict. The defendant argues, since Mrs. Lewis could not say positively that she had shut the front door on January 28, 1974, that the State failed to prove the occurrence of an actual breaking. Most assuredly this Court agrees with the defendant's contention that his guilt must be proven beyond a reasonable doubt and that the circumstantial evidence must exclude every other hypothesis than that of guilt. At the same time, and not inconsistently, we maintain our position on the question of sufficiency as expounded in *Williams v. State,* Okl.Cr., 478 P.2d 359 (1970) therein the Court said:

"The rules relied upon by defendant properly state the law; however, when the state presents its hypothesis, based on circumstantial evidence for the jury to consider, and no other hypothesis is

offered for the jury to consider except defendant's plea of 'not guilty', the jury has little alternative but to consider that evidence presented to them; and when the state's hypothesis is logical and reasonably supported by the evidence, the jury's verdict will not be disturbed . . . "

In the present case, the State showed that Mrs. Lewis made it her daily routine to shut the doors, that January 28 was no different from any other, relative to this routine, and that she felt she had shut the door. The State's hypothesis' is logical and reasonably supported by the evidence. Consequently, the defendant's assertion must be rejected.

For the above and foregoing reasons, the judgment and sentence appealed from is *AFFIRMED*.

BUSSEY, J., concurs with BRETT, P. J., and BLISS, J.

BLISS, J., specially concurs.

BLISS, Judge (specially concurring):

I concur specially. The search and seizure were also contemporaneous with the lawful arrest of the defendant and produced fruits of his crime.