**Shirley CLAYTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–76–570.**

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1976.

Douglas W. Sanders, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BLISS, Judge.

The appellant Shirley Clayton, hereinafter referred to as defendant, was charged, tried before a jury and convicted in the District Court of LeFlore County, Case No. CRM–75–757, of the crime of Possession of Marihuana. Punishment was assessed at a term of six (6) months in the county jail. From a judgment and sentence in accordance with the verdict the defendant has perfected her appeal.

On appeal the single issue raised by the defendant is that the trial court committed reversible error in overruling the defendant's motion to suppress the state's evidence for reason that the evidence, a bag-gie full of marihuana, was seized as a result of an illegal search.

The record indicates that prior to trial an in-camera hearing was held before the trial court on the defense motion. During said hearing LeFlore County Deputy Sheriff John Thomas testified that about midnight on November 6, 1975, he stopped by a recreation hall run by the defendant and her husband Sylvester Clayton in Ft. Coffee in LeFlore County. When he drove up the front door was open and he saw the defendant and another person standing back near the kitchen area. While Thomas was talking to Mr. Clayton on the front porch he noticed an odor which he associated with marihuana. He further testified that he had previously worked for the Tulsa Police Department for approximately six years and had taken part in numerous narcotics and marihuana raids and had smelled burning marihuana on approximately 150 occasions. Upon noticing the odor he walked into the public recreation hall and asked "Who's got the grass." As he walked back toward the kitchen door he noticed that the defendant went to a card table and lit some incense. Walking to the kitchen area he noted that the kitchen door was open and the light was on. In the kitchen on top of a cabinet was a purse and on top of the purse was a baggie containing what appeared to be a green leafy substance. Recognizing the substance as marihuana he walked into the kitchen, picked up the baggie and the purse, came back out and arrested the defendant. He further stated that he did not search the purse and that he noticed the smell of marihuana about the defendant.

The defendant testified that Thomas arrived at the recreation center at approximately 8:30 p. m. and came inside and asked where the marihuana was. She further stated that he went to the kitchen and came out with her purse and the plastic bag. The kitchen area was separated from the recreation hall by a door which was secured by a latch. She denied giving the officer permission to unlatch the door and

search the kitchen and denied ever having any marihuana on her person or in her purse.

Sylvester Clayton then testified describing the kitchen as "a half-door so you can walk up and the top part is open." He further stated that the door had a latch but he did not know whether the door was open or closed. He further stated that he was familiar with the odor of marihuana smoke, that he did not notice a smell, that no one had been smoking marihuana and that the officer did not have permission to search the kitchen area. He further stated that the purpose for keeping the defendant's purse in the kitchen was to keep people from stealing anything she might have in it.

From an examination of the transcript of the hearing it was apparent that there was no conflict as to the fact that the kitchen area was within the plain view of the officer. Defense counsel admitted same during the following colloquy with the trial court:

"THE COURT . . . it's not that difficult to know what it smells like, but that doesn't really have anything to do with it, because the officer says he walked back there to the kitchen door and he saw the stuff in plain sight and that is not really disputed by your witness I don't think.

"MR. SANDERS: No Your Honor, I agree with the Court it is not."

 This Court has held on numerous occasions that property which an officer has probable cause to believe is related to some crime may be seized if it is observed by the officer from a position that he has a lawful right to be in. The seized property does not result from a search and is admissible in evidence. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067; *Ferguson v. State*, Okl.Cr., 520 P.2d 819; and *Turci v. State*, Okl.Cr., 482 P.2d 611. In the instant case the officer had probable cause to believe that the baggie of green leafy substance was related to a crime since he recognized the smell of burning marihuana and noticed that the defendant who had been in the kitchen area when he arrived lit incense. It is therefore our opinion that the trial court did not abuse its sound discretion in overruling the defense motion and that the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.