James Charles ABBOTT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–79.

Court of Criminal Appeals of Oklahoma.

May 31, 1977.

Charles B. Grethen, Purcell, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Catherine Gatchell Naifeh, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant James Charles Abbott, hereinafter referred to as defendant, was charged in the District Court, McClain County, Case No. CRF–74–117, with the crime of Larceny of an Automobile, in violation of 21 O.S. 1971, § 1720. The case was tried before a jury, and defendant was convicted. Punishment was assessed at five (5) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness, Fred Green, a salesman for Bob Miller Chevrolet in Purcell, Oklahoma, testified that the defendant came to Bob Miller Chevrolet on Saturday, October 5, 1974, with a woman presumably his wife to look at a 1973 Nova automobile. The defendant had been in earlier that week and had inquired about the same vehicle. Green further testified that the woman said she did not like the car because it

had bucket seats, however, she sat in the car beyond his view for about five minutes. The woman then got out of the vehicle and stated that she was not going to buy the car. The couple then left. On the following Monday, Green went out to look at the Nova with a customer but he could not locate it. He also testified that there were two sets of keys to the car and that when he checked the key hanger there was only one set.

On cross-examination Green testified that at least one set of keys was still in the Nova after defendant had looked at the car, because a customer had test driven the car later that Saturday afternoon. He further stated that he did not know how many sets of keys were in the automobile after the defendant left, and that it could have been one or two sets.

On October 7, 1974, Don Stone, General Manager of Bob Miller Chevrolet, reported that a 1973 Nova, two-door coupe, serial number 1X17H3L217584, had been stolen from his used car lot.

The testimony of Bob McKee, Undersheriff of Pottawatomie County, revealed that he along with Officers Herman Kirkwood and Ray Summers, of the Oklahoma City Police Department, observed from the roadway a pickup truck which they believed matched the description of a pickup truck which had been reported stolen. After ascertaining that it was the stolen vehicle, the officers arrested the defendant and his wife. During the identification of the pickup, Kirkwood had also observed a white El Dorado Cadillac among the other vehicles on the lot. While the defendant and his wife were being taken to the Pottawatomie County jail, Officer Summers remained on the premises. McKee and Kirkwood obtained a search warrant through the District Attorney's Office which contained the description of a white El Dorado Cadillac which had been reported stolen.

Officer Kirkwood testified that there was no description of a 1973 Nova on the search warrant and they were not aware at that time that the Nova had been reported sto-

len. The arresting officers then proceeded back to the residence and searched the premises, subsequently finding the white El Dorado Cadillac and a 1973 Nova, backed up behind the garage with a piece of cardboard placed over the serial number of the vehicle. A serial number check for stolen vehicles was run, and it was learned then that the 1973 Nova found at defendant's residence was stolen from Purcell, Oklahoma.

The defendant's wife testified that her husband was a licensed used car dealer and that they conducted a used car lot from the premises upon which their residence was situated. She further stated that although there were no signs on the property, they had a reputation in the community of dealing in used cars. She also testified that she and her husband had been to Bob Miller Chevrolet in Purcell on Saturday, October 5, 1974, and had looked at some type of red car with bucket seats, which she had decided not to purchase.

Defendant's first and only assignment of error is that defendant's motion to suppress the evidence and testimony resulting therefrom, on the ground of an illegal search warrant, should have been sustained. Defendant contends that the search warrant in issue "insufficiently described and in fact did not describe" the 1973 Nova, whose alleged unlawful conversion was the basis of the charges against the defendant, and as a consequence of this omission, the warrant was unlawful at its inception as to this particular vehicle.

The defendant seems to misconstrue the object of the search warrant. A search warrant had been issued to search the premises for a white El Dorado Cadillac; this is what the officers did in fact find; however, while they were on the premises they also noticed the Nova in plain view; and, the officers did not seize the Nova under the search warrant but under the plain view doctrine.

 Generally, it has been established that objects falling into the plain view of an officer properly in a position to perceive the view are subject to seizure and admissible as evidence. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *United States v. Johnson,* 541 F.2d 1311 (8th Cir. 1976); and, *Clayton v. State,* Okl.Cr., 555 P.2d 1310 (1976). The plain view rule applies if it is shown that: (1) the initial intrusion which afforded the plain view was lawful; (2) the discovery of the evidence was inadvertent; and, (3) the incriminating nature of the object was immediately apparent. *Coolidge v. New Hampshire,* 403 U.S. 443, 464–473, 91 S.Ct. 2022, 2037–2042, 29 L.Ed.2d 564, 581–587 (1971); *United States v. Clark,* 531 F.2d 928, 932 (8th Cir. 1976); and, *cf. Morris v. State,* Okl.Cr., 507 P.2d 1327 (1973). Here, all three requirements were met. There was clearly a lawful initial intrusion in the instant case since the investigating officers were acting pursuant to a search warrant authorizing a search for a stolen white El Dorado Cadillac on defendant's property. We have held before that a warrant for another object will give prior justification for intrusion, which may result in an officer inadvertently discovering a piece of incriminating evidence which is in plain view. *Faulkner v. State,* Okl.Cr., 554 P.2d 29 (1976). The second requirement, an inadvertent discovery, also appears to have been satisfied. The record indicates that the officers had no prior knowledge of the existence or location of the Nova eventually found on the defendant's property. The third requirement, that the incriminating nature of the object be immediately apparent, is supported by the evidence. The record reveals a sufficient factual basis which would give the officers reasonable cause to believe the Nova was stolen. The Nova was hidden from the roadway, it had a dealer's tag on it, a piece of cardboard obstructed the view of the serial number, and other stolen vehicles were found on the premises. Additionally, before actually removing the Nova from the premises, the officers made sure that the vehicle was stolen by running a vehicle check on it. Defendant's assignment of error is without merit.

For the above and foregoing reasons it is the opinion of this Court that the judgment and sentence should be, and is hereby, *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.