**Alicia SMITH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–211.**

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1979.

---

5.  *Wall v. Partridge,* 466 P.2d 628 (Okl.1970).

Eddie Y. Newcombe, Newcombe & Redman, Inc., Lawton, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Danny K. Shadid, Legal Intern, for appellee.

OPINION

CORNISH, Presiding Judge:

The appellant, Alicia Smith, was convicted in the District Court of Comanche County, Oklahoma, Case No. CRF–77–265, of Robbery With a Dangerous Weapon and sentenced to life imprisonment. The two allegations on appeal are that the warrantless search and seizure of evidence in a motel room was improper, and that the sentence imposed was excessive.

Testimony reveals that the appellant was involved in the armed robbery of a dress shop in Lawton, Oklahoma, on March 5, 1977, in which she maced and stabbed the store owner. The getaway car was traced to Sammy Green, who testified that he had loaned the car to the appellant. He led police to a motel room where he thought the appellant might be found. Green, who earlier in the day had rented the room, gave his consent for police to enter and search for the appellant. After checking with the motel manager and learning no key was available, the police opened the motel room door with a credit card and entered the room a second time. The appellant was arrested, and the officers seized a multicolored coat and other items introduced as evidence at trial.

Concerning the appellant's contention that the search was illegal, it has been held that a warrantless search is per se unreasonable; the burden is on the State to establish the reasonableness of the search by establishing a recognized exception to the Fourth Amendment requirement that a search have the prior approval of a judge or magistrate. *State v. Young,* Okl.Cr., 561 P.2d 993 (1977); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Riggle v. State,* Okl.Cr., 585 P.2d 1382 (1978). Undisputed testimony at the preliminary hearing established that Sammy Green's consent was given freely. The consent of a third party is a well recognized exception to the warrant requirement mandated by the Fourth Amendment. *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). We have held that when two or more persons have equal rights to use or occupy premises, any one of them is capable of consenting to a search, except as to areas and property personal to the nonconsenting individual not under joint possession or control. *Rutledge v. State,* Okl.Cr., 545 P.2d 1257 (1976); *Burkham v. State,* Okl.Cr., 538 P.2d 1121 (1975).

Moreover, the appellant's standing to challenge the legality of the search is

undenied, for it is the law in this jurisdiction that the victim of a search has standing to challenge the legality although he has no possessory interest or legal title in the items seized. *Smith v. State,* Okl.Cr., 519 P.2d 1370 (1974). We, therefore, find the search reasonable because of the lawful consent of a third party. *Rutledge v. State,* supra.

Relying on *Sears v. State,* Okl.Cr., 528 P.2d 732 (1974), the appellant contends that entrance by slipping a credit card in the lock made the search unreasonable per se. In *Sears* the police possessed a search warrant, but entered the house without consent in order to serve it, by pushing open an unlatched door. In the present case, there was no warrant, but consent was obtained. Motel management was not in possession of a passkey, and since the officer had permission to enter, we hold that opening the door with a credit card was reasonable.

The appellant claims that upon first entering the motel room to look for the appellant, the police discovered items in plain view, some of which were later seized and introduced into evidence at trial. We find the first entrance to the motel room was not an illegal search. This Court has held that visual observation of evidence in plain view does not constitute a "search" for constitutional purposes. *Reynolds v. State,* Okl.Cr., 575 P.2d 628 (1978).

Seizure of items in plain view, used as evidence, occurred during the second entrance and was incident to the appellant's arrest. This is another well recognized exception to the warrant requirement mandated by the Fourth Amendment. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Bonham v. State,* Okl. Cr., 507 P.2d 1336 (1973). We hold that after preliminary hearing testimony, the trial court properly overruled the appellant's motion to suppress such evidence.

Second, the appellant argues that a sentence of life imprisonment was excessive and, thereby, cruel and unusual, in violation of the Eighth Amendment of the United States Constitution, and Art. II, § 9, of the Oklahoma Constitution. A sentence of life imprisonment is within the limits of 21 O.S. Supp.1978, § 801, and will not be modified where it is not so excessive as to shock the conscience of this Court.

The judgment and sentence is *AFFIRMED.*

BRETT, J., concurs.

BUSSEY, J., concurs in results.