**Samuel Davis SWANN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–80–669.**

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1981.

Thomas E. Salisbury, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Openly Outraging Public Decency.

June 18, 1980, a Tulsa police officer entered Ben's Book Bin. He proceeded to inspect the store. In one area of the store there are the movie booths where customers can view adult films. The booths are about four feet square and eight feet in height. They are enclosed on all sides except where the door is located. There was an opening on the bottom one-third of the door. Above each booth is a light to indicate whether the booth is occupied.

As the officer approached Booth # 16 he heard sounds which he apparently recognized as someone masturbating. He then bent over and looked under the booth door and observed the appellant masturbating. The appellant was then arrested.

The pivotal issue we address is whether appellant had a reasonable expectation of privacy to be free from government intrusion while masturbating in the confines of a film booth.

The appellant argues that the trial court erred in failing to suppress the arresting officer's testimony. He asserts the testimony was the fruit of an illegal search. Swann contends that he had a reasonable expectation of privacy to be free from unreasonable government intrusion while he was in the film booth.

The appellant principally relies upon *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), to support his contention that he was subjected to a search violative of the Fourth and Fourteenth Amendments. In *Katz* the Supreme Court held that "the Fourth Amendment protects people, not places. What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection... But what he seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected." The Supreme Court further asserted that "it becomes clear that the reach of that Amendment cannot turn upon the presence or absence of a physical intrusion into any given enclosure." *See also Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

■ Applying the *Katz* analysis to the facts stipulated to in this case we find that the appellant had no reasonable expectation of privacy with respect to his conduct in the film booth. His unlawful activity was exposed to the public. Anybody lawfully passing by the booth was exposed to the lewd sounds emanating from the booth. It is well settled that evidence observed within the plain view of an officer from a position that he has a lawful right to be in, is subject to a search and seizure. *Clayton v. State*, 555 P.2d 1310 (Okl.Cr.1976). We find that the distinctive sounds of one masturbating in an enclosed booth which are audible to persons outside the booth are exposed to the plain view of others.

This Court is cognizant of several decisions from other jurisdictions holding that a defendant has a reasonable expectation of privacy in film booths and toilet stalls. *See People v. Triggs*, 8 Cal.3d 884, 106 Cal.Rptr. 408, 506 P.2d 232 (1973); *Brown v. State*, 3 Md.App. 90, 238 A.2d 147 (1968); *State v. Bryant*, 287 Minn. 205, 177 N.W.2d 800 (1970); *Buchanan v. State*, 471 S.W.2d 401 (Tex.Cr.App.1971); *contra, see Green v. State*, 566 S.W.2d 578 (Tex.Cr.App.1978). We also find that there is a reasonable expectation of privacy in a bathroom stall or booth where the person's conduct is not visible or audible to the general public. However, in this case, where the appellant's conduct is audible to the public we hold that there is no justified expectation of privacy. Accordingly, the police investigation into the booth did not invade a recognized privacy interest and did not result in a search within the language of the Fourth Amendment.

■ Our next inquiry is whether the facts stipulated to at trial fall within the language of the statute. The statute, 21 O.S.1971 § 22, provides that "[e]very person who wilfully and wrongfully commits any act ... which openly outrages public decency, and is injurious to the public morals ... is guilty of a misdemeanor."

The issue is whether the appellant's conduct was "open". In *Rachel v. State*, 71 Okl.Cr. 33, 107 P.2d 813 (1940), this Court construed the word "openly", as used in the statute, to mean "in an open manner, not clandestinely, not privately, or in private, and is used in a sense of not being concealed as opposed to being hidden or secret."

At the non-jury trial the appellant and the State stipulated to the following facts:
"... that an officer of the Tulsa Police Department entered Ben's Book Bend, an adult bookstore in this town.

.     .     .     .     .

"On that date, approached projection booth number 16, the door on that booth was closed, it does however have an opening on the bottom one third of it. That the officer heard some sounds, bent down, looked through the opening of the booth, whereupon he saw this defendant masterbating (sic), at which time he withdrew himself from the bookstore and waited until this defendant exited the bookstore at which time he arrested the defendant upon charges before this Court today."

These stipulations made in open court as to the existence of certain facts for the purpose of the trial, are binding on the parties during the trial and on appeal.

The State argues the act of masturbation occurred in a place open to the public and because the appellant was partially concealed in a booth does not mean the act was not done openly. The State asserts that because the appellant's indecent conduct was done so loudly as to enable the police officer to hear what was going on, necessitates a finding that the act was done "openly". The appellant argues, to the contrary, that since he was enclosed in the booth, his acts were not done "openly".

It is a question for the trier of fact as to whether the appellant's conduct was done openly. If there was evidence, either direct or circumstantial, to conclude that the acts were performed openly this Court will not disturb the verdict. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

We find there was evidence introduced to support a finding that the appellant's actions were done "openly". The bookstore was open to the public. Within the adult bookstore were booths in which adult movies were shown. Each booth had a door which was open on the bottom one-third. Finally, there was evidence that the appellant's conduct was sufficiently loud so that any citizen walking past the booth would be "openly" exposed to what was taking place within the booth. Conduct which is open to the common human senses such as hearing, smell and touch can be just as "open" as conduct which is exposed visibly to the public.

The appellant's final argument is that the information was legally insufficient to charge an offense. The information charged that:

Samuel Davis Swann on the 18th day of June, 1980 in Tulsa County, Oklahoma, wilfully and wrongfully commited an act injurious to public morals and which openly outraged public decency by then and there masturbating in a public place, to-wit: Ben's Book Bin, Inc. . . .

■ An information must contain a "statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended." 22 O.S.1971 § 402. In *City of Tulsa v. Haley*, 554 P.2d 102 (Okl.Cr.1976), this Court held that an information should inform the defendant of the "acts he must be prepared to meet in the present prosecution and defend against in any subsequent prosecution for the same offense." We find that Swann was adequately apprised of the charge filed against him.

We find that the verdict was supported by the evidence. We note, however, that if the appellant had presented evidence at trial and had fully established the factual circumstances surrounding his conduct our holding today might be different. However, we cannot say as a matter of law that the trial judge's findings were erroneous.

The judgment and sentence is AFFIRMED.

BUSSEY, J., concurs in result.

BRETT, P. J., dissents.