Florencio P. **CHAVEZ**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–86–779.

Court of Criminal Appeals of Oklahoma.

June 23, 1988.

Robert T. Keel, Keel and Kulmacs, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Florencio P. Chavez, was tried and convicted in the District Court of Oklahoma County of Possession of a Controlled Dangerous Substance With Intent to Distribute in violation of 63 O.S.1981, § 2–401, Case No. CRF–86–386, and was sentenced to ten (10) years' imprisonment and fined $2,500.00. The trial court suspended five (5) years of the sentence and $1,500.00 of the fine.

On January 17, 1986, two Oklahoma City police department undercover narcotics detectives attempted to purchase a pound of marijuana from Francisco Lopez. Lopez informed the detectives that he did not have that amount, and offered to take the detectives to his "source," who lived downtown.

Lopez took the detectives to an apartment building in downtown Oklahoma City. Upon their arrival, Lopez instructed the detectives to wait downstairs while he went in to talk to his supplier. Lopez returned to the detectives a few minutes later and had them accompany him upstairs to the appellant's apartment.

Inside the appellant's apartment, Lopez had a brief conversation in Spanish with the appellant. Lopez then told the detectives that the price for a pound of marijuana would be $800.00. Stating that they did not have enough money, one of the detectives, on the pretext of obtaining more money, left the apartment to call for "back-up".

After the detective had returned and joined his partner in the appellant's kitchen, the appellant approached them from an adjoining room, carrying two large plastic bags of a substance later confirmed as being marijuana. The appellant was immediately placed under arrest and advised of his *Miranda* rights.

After the appellant had been advised of his rights, one of the detectives asked him if there was any more marijuana in the apartment. He responded by stating that the only other marijuana was in a newspaper located on the floor in the middle of the room. The detective noticed traces of marijuana around the edges of the newspaper and another bag of what appeared to be marijuana on the floor, near a small table in a corner of the room. Also found in the room was a pair of scales. Both detectives testified that all of the evidence was found in plain sight and that no formal search of the appellant's apartment was made, nor was a search warrant ever issued.

■ As his first assignment of error, the appellant argues that the State did not establish appellant as a principal, that he either directly committed the crime or that he aided or abetted the commission of a crime. Appellant testified that it was Lopez who stored a large paper sack in appellant's apartment and that he was unaware of its contents. Evidence in support of this argument consists solely of appellant's own testimony.

The appellant stresses that the evidence used to convict him was entirely circumstantial. He cites *Roth v. State*, 532 P.2d 1397 (Okl.Cr.1975) for the proposition that a conviction based on circumstantial evidence cannot be sustained if the proof amounts only to a strong suspicion or mere probability of guilt.

It is equally true, however, that intent may be proven by circumstantial evidence and that such evidence need not exclude *every* hypothesis nor must it negate *every* possibility other than guilt. *Smith v. State*, 674 P.2d 569 (Okl.Cr.1984) (Emphasis added). Considering the appellant's exercise of control and dominion over the marijuana and the competent evidence in the record, the appellant's first assignment of error lacks merit.

■ The second, and final assignment of error raised by the appellant is that the trial court erred in admitting evidence which was obtained through a warrantless search. While there could be some question regarding some quantities of marijuana that were found strewn about the appellant's apartment, there is no question that the marijuana found on and around appellant's person at the time of his arrest was properly admitted. *See Ferguson v. State*, 645 P.2d 1021 (Okl.Cr.1982).

From the record in this case, it is evident that the bulk of the marijuana seized at the time of the appellant's arrest was properly within the "plain view" of the detectives and, being so, its seizure does not constitute an improper warrantless search for constitutional purposes. *See Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Smith v. State*, 604 P.2d 139 (Okl.Cr.1969); *Reynolds v. State*, 575 P.2d 628 (Okl.Cr.1978). The appellant's final assignment of error is without merit.

Accordingly, the judgment and sentence is AFFIRMED.