## YOUNG v. STATE.

No. A-11563. Jan. 9, 1952.

(239 P. 2d 1042.)

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williimson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.   The defendant, Tom William Young, was charged by information filed in the court of common pleas of Tulsa county with the offense of driving a Chevrolet one and a half ton truck on the public highway of Tulsa county while under the influence of intoxicating liquor; was tried, convicted, and appeal has been perfected to this court.

No brief has been filed on behalf of the defendant, and no appearance was made in his behalf at the time the case was assigned for oral argument.

Rule 9 of this court provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court and the exceptions taken thereto, and the judgment and sentence and if no prejudicial error appears will affirm the judgment."

We have read the record.   The defendant was arrested by two Highway Patrolmen on State Highway 11 and United States Highway 169, in the city of Tulsa, about 7:55 p.m., while he was, according to their testimony, in an intoxicated condition.   The defendant testified that he had drunk some "Choc" beer about 6 o'clock in the afternoon, and that he knew nothing from the time he drank the beer until about 3 o'clock the next morning, when he awoke in the county jail.   A jury found the defendant guilty as charged in the information, and fixed his punishment at 90 days in the county jail, and a fine of $100. After motion for new trial was presented and overruled, the accused was sentenced by the court to serve 30 days in the county jail, and pay a fine of $100.

It is elementary that where a verdict of the jury assessing the punishment is in conformity with the law, the court must enter judgment and sentence in conformity to the verdict, and where there is a variance between the verdict of the jury and the sentence of the court, on appeal this court will remand the case with directions to the trial court to correct its judgment and sentence to make it conform to the verdict.   White v. State, 42 Okla. Cr. 50, 275, P. 1067; Beam v. State, 66 Okla. Cr. 14, 89 P. 2d 372; Bean v. State, 77 Okla. Cr. 73, 138 P. 2d 563.

Upon the record before us it appears that all of the proceedings had in the trial court up to and including the verdict of the jury were without material error.   There was ample evidence to support the finding of the jury.   We find that up to and including the rendition of the judgment, the defendant was not deprived of any substantial right.   The variance between the verdict and judgment is apparently a clerical error.

It is considered and adjudged that for the variance between the verdict of the jury and the sentence of the court, this court remands the case to the court of common pleas of Tulsa county to correct the judgment and sentence to conform to the verdict of the jury.

It is further ordered that when the trial court corrects its judgment and sentence, the clerk of the court of common pleas of Tulsa county is directed to issue forthwith to the sheriff of said county a commitment in accordance with the judgment of the court as pronounced and entered in conformity to the verdict of the jury.

BRETT, P. J., and JONES, J., concur.