Louis BROWN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12468.

Criminal Court of Appeals of Oklahoma.

July 10, 1957.

Vernon A. Brown, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

This is an appeal by transcript from the district court of Tulsa County, wherein the plaintiff in error, hereinafter referred to as defendant, was tried before a jury and convicted of the crime of first degree rape, after former conviction of a felony. He was sentenced by verdict of a jury to a term of fifteen years in the State Penitentiary at McAlester. The court in entering judgment added a fine of $200.

While the evidence is not before us, it is alleged in the information that the defendant had previously been convicted of the crime of assault with intent to rape, and sentenced to serve a term of four years; and that he had thereafter been convicted of the crime of grand larceny and sentenced to serve a term of one year. And in the within case, it is alleged that the rape of the victim was accomplished by means of force and fear. The jury might have assessed the death penalty (21 O.S.1951 § 1115), but they chose to be lenient by assessing the minimum penalty. The trial court, under such circumstances, in the apparent belief that the evidence justified a much greater penalty, in addition to the prison term assessed the fine, acting, no doubt, under the provisions of 21 O.S.1951 § 64, which provides:

> "Upon a conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding two hundred dollars in addition to the imprisonment."

The penalty provisions for rape, 21 O.S. 1951 § 1115, do not include a fine. And the above statutory enactment is the only authority the court could have for adding the fine of $200.[1]

1. As a practical matter, where the sentence is to the State Penitentiary, which would involve a felony charge as distinguished from charges involving a misdemeanor, where the sentence upon conviction would be to a county jail, the collection of the fine would present a problem where the convicted was not solvent. The assessment of a fine would be a futile gesture because of the holding at this time by this court that in spite of 28 O.S. 1951 § 101, that there is no statute re-

Counsel for the defendant asserts that the trial judge was wholly without lawful authority to add to the penalty imposed by the jury. And in support of such argument, our attention is called to 22 O.S.1951 § 926, reading:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

The "hereinafter provided" clause refers to the next two succeeding sections of Title 22, which read:

§ 927. "Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

§ 928. "If the jury assess a punishment, whether of imprisonment or fine, greater than the highest limit declared by law for the offense of which they convict the defendant, the court shall disregard the excess and pronounce sentence and render judgment according to the highest limit prescribed by law in the particular case."

This court has uniformly held that the judgment and sentence of the court must conform to the verdict of the jury. See Young v. State, 95 Okl.Cr. 82, 239 P. 2d 1042; Beam v. State, 66 Okl.Cr. 14, 89 P.2d 372; White v. State, 42 Okl.Cr. 50, 275 P. 1067; Bean v. State, 77 Okl.Cr. 73, 138 P.2d 563.

In paragraph 1 of the syllabus in the Young case we said:

"Where the jury declares punishment in their verdict within limitations fixed by law, trial court must render judgment according to the verdict, since only Criminal Court of Appeals has right to modify sentence meted out to an accused."

In the body of the opinion we said:

"It is elementary that where a verdict of the jury assessing the punishment is in conformity with the law, the court must enter judgment and sentence in conformity to the verdict, and where there is a variance between the verdict of the jury and the sentence of the court, on appeal this court will remand the case with directions to the trial court to correct its judgment and sen-

quiring a state convict (as distinguished from a county convict), after he has served his term of imprisonment to remain in the state penitentiary until he has satisfied the costs taxed against him, at $1 per day.

The effect of the decisions is the holding that persons sentenced in a misdemeanor charge to a county jail can be held in default of the payment of any fine assessed and the costs, to discharge the obligation by serving it out at $1 per day, but that 28 O.S.1951 § 101 does not apply to felony cases; by reason of a defect in the heading to H.B. 37, S.L. 1913, which amended Section 31 of Chapter 69 of S.L. 1910. In this connection first read Ex parte Dunnavant, 1928, 41 Okl.Cr. 113, 271 P. 861, then read Ex parte McCoy, 1929, 45 Okl.Cr. 52, 281 P. 813; then Ex parte Autry, 1935, 58 Okl. Cr. 88, 50 P.2d 239; Ex parte Farve, 64 Okl.Cr. 326, 79 P.2d 1034.

The situation then, presents a rule patently unfair, in that it requires persons convicted of misdemeanors to pay fines and costs assessed against them by serving further time in jail, but the felonious criminal who has been assessed a heavy fine, or any fine, escapes serving time, and all by reason of a defective heading to the amendatory act.

Jurors no doubt believe that when they assess a fine in a felony case that it means something; they have no way of knowing that their deliberations and action may prove futile, and where they do assess a fine, they may take that into consideration in fixing the number of years the prisoner is to serve in the penitentiary, and assess a lighter sentence. So, a serious problem is presented. It has existed for some time. But the problem is for the Legislative Council and the Legislature, and not for the courts. But we feel that it is our duty to point it out.

tence to make it conform to the verdict."

The problem developed is that to hold that the court in the within case had authority to assess the fine of $200 in the face of the fact that the jury had fixed the punishment and within the provisions of the law as given to them by the court in its instructions, would, it is evident, be contrary to the principle announced in the Young and many other cases, and with 22 O.S.1951 § 926 above quoted.

■ The Supreme Court of Oklahoma, has said that two statutes in apparent conflict should be construed, if reasonably possible, to allow both to stand and be effective. Shimonek v. Tillman, 150 Okl. 177, 1 P.2d 154. And see Ex parte Neighbors, 85 Okl.Cr. 183, 187 P.2d 276; Kirsch v. Tracy, 174 Okl. 489, 55 P.2d 428, and Wagner v. Swan, 162 Okl. 95, 19 P.2d 555.

■ This court has also said that the legislative intent should be sought in the ordinary meaning of the words of a statute, construed in view of the connection in which they are used, and of the evil to be remedied. Wilkins v. State, 70 Okl.Cr. 1, 104 P.2d 289; Curtis v. State, 78 Okl.Cr. 282, 147 P.2d 465; State v. Sandfer, 93 Okl.Cr. 228, 226 P.2d 438; Falter v. Walker, 47 Okl. 527, 149 P. 1111.

■ Keeping the above principle in mind, and going back to 21 O.S.1951 § 64, above quoted, it is noticeable that only the court is authorized to impose a fine not exceeding $200, in a case where a statute does not provide for a fine in addition to imprisonment. Nothing is said about a jury having such authority. We hold that the jury does not have such authority. The trial court must have so considered, because the jury was not instructed that it might also assess a fine not exceeding $200.

The question for determination is whether the trial court, where a jury has returned a verdict assessing an imprisonment penalty, may in its judgment add a fine to such imprisonment, in spite of the apparent conflict between sections 926, 927 and 928 of Title 22, O.S.1951.

In this connection, research will disclose that section 64 of Title 21 O.S.1951 was in 1890 adopted by Oklahoma Territory from the Compiled Laws of Dakota 1887, and has never been amended.

In Murnand v. State, 1921, 18 Okl.Cr. 426, 195 P. 787 the defendant was charged with assault with a dangerous weapon and the jury assessed punishment at one year and one day imprisonment in the State Penitentiary. By 21 O.S.1951 § 652 it will be noted that the statute prescribes punishment at imprisonment in the State Penitentiary not exceeding ten years, and in view of the fact that the defendant was a high school boy and had never been in trouble before, this court modified the judgment to imprisonment in the county jail for ninety days, and cited § 2812, R.L.1910 (21 O.S.1951 § 64) as authority to impose a fine of $200 in addition to the imprisonment. No consideration by the court was given to § 5933, R.L.1910 (22 O.S.1951 § 926), and the addition of the fine in view of the verdict of the jury, conflicts with the views herein expressed. But the defendant could not have been expected to have complained in view of the small jail sentence, rather than sentence to the penitentiary.

Wilkins v. State, 1945, 80 Okl.Cr. 142, 157 P.2d 764 is another case where the trial court added a fine of $250 to the punishment assessed by the jury, although the statute under which prosecution was had did not provide for a fine (21 O.S.1941 § 1716). This court on rehearing, having at that late date had called to its attention 21 O.S.1941 § 64, modified the fine provision of the sentence to $200 fine, but likewise in that case no consideration was given to § 5933, R.L.1910, then 22 O.S.1941 § 926 (now 1951).

■ As we now view the matter, the power of this court to modify a sentence imposed by a jury or by a court, under authority of 22 O.S.1951 § 1066, must be within the limits of the statutory provisions governing the particular crime charged.

■■ Here we hold that 21 O.S.1951 § 64 by its wording permits only the court

to impose a fine on the offender not exceeding $200, in addition to the imprisonment prescribed, where the statute under which the charge was filed did not provide for a fine, but that construing the various statutory provisions together (22 O.S.1951 §§ 926, 927 and 928, and 21 O.S.1951 § 64) and attempting to give both force and effect where not in conflict, we hold that such authority is granted the trial court only, and under the circumstances where (1) a jury has been waived and the case is tried to the court; (2) where the jury fails or refuses to assess the penalty; or (3) on a plea of guilty by the defendant.

It is considered and adjudged that because of the variance between the verdict of the jury and the sentence and judgment of the court assessing additional punishment by way of a $200 fine, this court remands the case to the trial court to correct its judgment and sentence to conform to the verdict of the jury by elimination of the fine and as so corrected, the judgment to stand.

BRETT, P. J., and NIX, J., concur.