Melvin Ross COLLUMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–214.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1982.

Robert L. Ross, Newcombe & Redman, Inc., Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Collums, was convicted in Comanche County District Court of Burglary in the Second Degree, After Former Conviction of a Felony. The jury assessed punishment at thirty (30) years' imprisonment.

On March 9, 1981, Louie Adams, custodian of the First United Methodist Church, arrived at the church and noticed that hamburger meat and french fries had been taken out of the freezer. The stove burners were turned on and partly cooked food was lying on the kitchen table. He also found a fifth of whiskey and a box of crackers on the floor. Upon further investigation Adams discovered that the glass pane in the front door was broken and a set of muddy footprints led to the kitchen. Adams telephoned the church pastor. When the pastor arrived the police were called.

The appellant, Collums, had been arrested earlier that morning near the First United Methodist Church, presumably on an unrelated offense. He was transported to the hospital and later taken to the city jail. At the jail Collums was photographed and fingerprinted.

During the investigation, Officer Mahaffay dusted several items in the church for fingerprints. A fingerprint was lifted from a box of crackers. Later, Officer May, a fingerprint expert, compared the fingerprint taken from the box of crackers with Collums' fingerprints. Officer May testified that he made fourteen points of identification during the comparison. He further stated that in his opinion the thumb print on the box of crackers was Melvin Collums', to the exclusion of all other persons.

The defense rested without presenting any evidence.

I

Collums initially argues that the trial court erred in failing to instruct the jury on the lesser included misdemeanor offense of "Entering a Building or Structure with Certain Intent, under Title 21 O.S.1981, § 1438. He contends that an instruction under Section 1438 was warranted because the State only raised an inference of his intent to steal.

Title 21 O.S.1981, § 1438 provides:

Every person who, under circumstances not amounting to any burglary, enters any building ... with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor.

The critical distinction between the crime of "entering a building or structure with certain intent" and the crime of burglary is whether the entry into the building was effectuated through a breaking or forcible entry. Compare 21 O.S.1981, § 1435 with 21 O.S.1981, § 1438.

■ Under Section 1438, entering a building with certain intent, the State is not required to establish that the defendant gained entrance into the building forcibly or by means of a breaking. Therefore, to warrant an instruction under this section there must be some evidence in the record which reasonably tends to show that the defendant's presence in the building may have been obtained without a breaking or forcible entry.

■ The general rule is that where there is no evidence to support an instruction on a lesser included offense "it is error for the Court to submit the question of the lesser included offense to the jury." *Johnson v. State,* 632 P.2d 1231, 1233 (Okl.Cr. 1981). Thus, the trial court need only submit an instruction on the lesser included offense where there is evidence which reasonably tends to support such an instruction. In this case, the circumstantial evidence that Collums gained his entrance into the church through a breaking remained uncontraverted at trial. The State introduced testimony that the church had been locked up the previous evening. The evidence established the front door was not broken the night before the burglary. The next morning the glass pane next to the door latch was broken out and muddy footprints led from the door to the kitchen area. Based upon this evidence we find that an instruction was not warranted under Section 1438. Further, Collums does not argue that the State failed to prove an actual breaking or forcible entry.

## II

Collums next argues that the trial court erred in admitting evidence of his two prior felony convictions. He first complains that the State introduced a judgment and sentence of a prior second degree rape conviction which failed to show that he was represented by counsel. Collums, quoting *Engram v. State,* 545 P.2d 1285, 1289 (Okl.Cr. 1976), asserts "to permit a conviction obtained in violation of *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ] ... to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. Furthermore, presuming representation by counsel or waiver thereof from a silent record is impermissible."

■ However, in *Engram v. State,* supra, this Court further held that the State may prove that the defendant was represented by counsel by utilization of the appearance docket or other reliable documentary evidence. On appeal the State, through the use of the trial docket and appearance docket, established that Collums was represented by attorney, Jim Baker, during his second degree rape conviction. Collums has not attempted to refute this evidence. Therefore, we find that Collums prior second degree rape conviction was properly admitted to enhance punishment.

■ Collums further contends that the State's use of a prior Texas conviction for burglary was improper. At the time Collums was convicted in Texas he was only sixteen and under Texas law he was treated as an adult. He claims that, if charged under Oklahoma law, he would have been treated as a juvenile until properly certified as an adult. Collums concludes that under Title 21 O.S.1981, § 54 the Texas conviction could not be used to enhance punishment. 21 O.S.1981, § 54 provides:

Every person who has been convicted in any other state, government or country of an offense which, if committed within this state, would be punishable by the laws of this state by imprisonment in the penitentiary, is punishable for any subse-

quent crime committed within this state, in the manner prescribed in the last three sections, and to the same extent as if such first conviction had taken place in a court of this state.

This section merely requires that the out-of-state conviction be punishable as a felony if committed in this state. Here, the appellant's Texas conviction is "burglary of a building." Burglary if committed in Oklahoma would be punishable by imprisonment in the penitentiary. The fact that the appellant may not have been certified in Oklahoma is irrelevant under Section 54. The characterization under Oklahoma law is determined by the out-of-state conviction. Therefore, the Texas conviction for burglary was properly admitted to enhance punishment.

### III

■ Lastly, it is argued that the prosecutor committed fundamental error by expressing her opinion as to what the evidence established. The appellant failed to object at trial to any of the statements that he now complains of as prejudicial. In *Hickman v. State,* 626 P.2d 873 (Okl.Cr. 1981) this Court reiterated the fundamental rule that "there must be a timely objection to remarks and a request that the Court admonish the jury to disregard the remarks in order to preserve the issue for appellate review." In view of the overwhelming evidence and the lack of objection, in this case, we find that the prosecutor's comments do not require modification or reversal.

The appellant's judgment and sentence is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.