Elmo Joe LEWIS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-255.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1987.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Elmo Joe Lewis, was convicted of the crime of Burglary in the Second Degree After Former Conviction of Two or More Felonies in the District Court of Creek County in Case No. CRF–83–98 and was sentenced to thirty (30) years imprisonment, and he appeals.

Briefly stated the facts are that on April 3, 1983, the appellant was arrested in an open field behind the residence of Mr. Wade Morgan, Sr. in Creek County. Appellant was transported to the police station and during the booking procedure the police recovered five dollars and twenty cents ($5.20) from the appellant. Subsequently, appellant told the police chief that some of the change in his pockets came from the Morgan residence, and that he entered the residence to get something to eat. The police chief returned to the Morgan residence and took photos of the open doors and located an open window over the kitchen sink. He also observed a tennis shoe print and a broken kitchen scraper in the window ledge. The victim's son testified that the windows and doors had been closed earlier in the day when he left for church.

During the second stage of the trial, the State presented evidence of appellant's three prior burglary convictions. The appellant presented no evidence in either stage of the trial.

As his first assignment of error, the appellant contends that the trial court committed reversible error by refusing to instruct the jury on the lesser included offense of illegal entry since the evidence presented only raised an inference of breaking.

In *Collums v. State*, 654 P.2d 1070, 1072 (Okl.Cr.1982), this Court stated that:

The critical distinction between the crime of 'entering a building or structure with certain intent' and the crime of burglary is whether the entry into the building was effectuated through a breaking or forcible entry. Compare 21 O.S.1981, § 1435 with 21 O.S.1981, § 1438.

It is well settled that the breaking necessary to constitute the crime of burglary may be any act of physical force, however slight, by which obstructions to entering are forcibly removed, and the opening of a closed door in order to enter a building may constitute a breaking. *Luker v. State*, 552 P.2d 715 (Okl.Cr.1976).

The general rule is that where there is no evidence to support an instruction on a lesser included offense it is error for the Court to submit the question of the lesser included offense to the jury. *Collums*, 654 P.2d at 1072. In the instant case, the State introduced uncontroverted circumstantial evidence that the appellant gained entrance into the residence through the breaking. Therefore, this assignment of error is without merit.

In his second assignment of error, the appellant maintains that the state shifted the burden of proof to appellant effectively depriving him of the constitutional protection afforded to one who chooses not to testify. During the State's closing argument, the prosecutor stated:

No evidence has been offered or submitted to you in contradiction of the testimony of the three witnesses that the State brought you. For that reason, ... the State has met its burden of proof beyond a reasonable doubt. (Tr. 125). Ladies and Gentlemen, there is no reasonable doubt. The evidence from this chair is undisputed. It has not been challenged.... (Tr. 132).

This Court has repeatedly held that counsel for both sides have the right to argue the evidence presented at trial and to draw reasonable inferences therefrom. *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982). It is the general rule that when no evidence has been offered by the defense on a particular issue, it may be fairly said that the evidence is undisputed, uncontradicted or unrefuted. *Hays v. State*, 617 P.2d 223, 230 (Okl.Cr.1980). To constitute reversible error, the statements made by a prosecutor that purportedly comment on a defendant's failure to testify must directly and unequivocally call attention to the failure of the accused to testify. *Id.* at 231. We are of the opinion that the comments in the instant case were reasonable inferences drawn from the evidence, and did not directly call attention to appellant's failure to testify. There is no error.

■ Next, the appellant alleges that the trial court erred by not providing a complete set of verdict forms in the jury's second stage and by failing to instruct the jury properly on his prior convictions. In support of this contention, the appellant points out that the trial court provided a verdict form for guilty with two or more felony convictions to the jury, and that no verdict form was provided to the jury for a conviction with no former felony convictions or for a conviction with only one former felony conviction. This Court has held that the jury should be instructed as to their alternative of finding guilt of only one of two or more prior convictions alleged. *Dean v. State*, 502 P.2d 358 (Okl. Cr.1972). However, in the present case, although the appellant objected to the trial court's failure to give instructions on guilty with no former convictions, or with one prior felony conviction, he failed to proffer accurate instructions to the trial court in writing. Thus, he has waived any error. *Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980).

Moreover, in *Fogle v. State*, 700 P.2d 208, 212 (Okl.Cr.1985), where the jury was not properly instructed in accordance with *Dean*, supra, we held that:

We consider the error in the instructions as harmless due to an overall lack of resulting prejudice. *Cook v. State*, 650 P.2d 863 (Okl.Cr.1982). Appellant has failed to carry his burden of showing prejudice. *Id.* at 868.

The circumstances indicate to us the verdict would be no different had the jury been properly instructed. Appellant adduced no evidence to controvert the judgment and sentences introduced of his prior felony convictions. There appears no reason to believe either is invalid for enhancement use. Nor is there a reasonable possibility that the jury would have imposed a reduced sentence if properly instructed. *Hicks v. Oklahoma*, 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). We find no prejudice to appellant.

We find that *Fogle* is dispositive of this issue in that the appellant has failed to show prejudice. This assignment is overruled.

In his fourth assignment of error, the appellant argues that the cumulative error in this case is significant enough to warrant reversal or modification of his sentence. In this case, since we have found all of the assignments of error to be without merit, it follows that this assignment is likewise without merit. *Woods v. State*, 674 P.2d 1150 (Okl.Cr.1984).

As his final assignment of error, the appellant contends that the trial court improperly admitted evidence in the second stage of the trial that he had prior felony convictions. Citing *Smith v. State*, 695 P.2d 1360 (Okl.Cr.1985), the appellant argues that since his name is very common the admission into evidence of the prior judgments and sentences was insufficient, without additional evidence, to prove that he is the same person who incurred the prior convictions. However, *Smith* is inapposite to the instant case. In *Smith*, the defendant's name was James E. Smith, a very common name; whereas, in this case the appellant's name is Elmo Joe Lewis, a name that cannot be viewed as very common.

The appellant additionally alleges that the State improperly introduced prior judgments and sentences which informed the jury that he had not served his entire sentence on one prior conviction. He complains that this was an improper reference to parole. During the second stage of a bifurcated proceeding, it is proper to admit into evidence judgments and sentences of former convictions. *Daniels v. State*, 554 P.2d 88 (Okl.Cr.1976). However, it is improper for the State to ask a defendant about the length of time actually served on prior incarceration. *Davis v. State*, 489 P.2d 789 (Okl.Cr.1971). In the instant case, the State merely introduced into evidence the prior judgments and sentences and did not recite the prior sentences or question the appellant about them. (The appellant did not testify at either stage of the trial) Therefore, the prior judgments and sentences were properly admitted. *See Lee v. State*, 560 P.2d 226 (Okl.Cr.1977). This assignment of error is meritless.

Finding no error warranting modification or reversal, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.