Larry Don FITE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–89–353.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1993.

Order Denying Rehearing in Part and
Granting Rehearing in Part March 8, 1994.

Bryan County District Court, Case No. CRF–88–89; Rocky L. Powers, District Judge.

James O. Braly, Durant, Trial Counsel and Lisbeth McCarty, Asst. Appellate Indigent Defender, Norman, Appellate Counsel, for appellant.

Mary Faulkner, Asst. Dist. Atty., Durant, Trial Counsel, and Susan Brimer Loving, Atty. Gen. of Oklahoma and Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, Appellate Counsel, for appellee.

## OPINION

CHAPEL, Judge:

Larry Don Fite was charged in Bryan County District Court, Case No. CRF–88–89, with Unlawful Cultivation of Marijuana, After Two or More Felonies, in violation of 63 O.S.Supp.1987, § 2–509. Fite was tried by a jury before the Honorable Rocky L. Powers, District Judge. The jury returned a verdict of guilty and recommended he be sentenced to twenty (20) years imprisonment and fined $100,000. The trial court sentenced him in accordance with the jury verdict. From this Judgment and Sentence, he has perfected this appeal. We affirm the Judgment and Sentence, but modify the fine imposed from $100,000 to $10,000 for the reasons set forth below.

On March 9, 1988, Bryan County police officers set up a surveillance of property owned by Fite's father. There were two buildings on the property, a cinder block structure, which the police referred to as a well house, and a metal storage building. On the night of March 9, Officer Mark Rackley, without a search warrant, entered the property and looked through the window of the well house. Rackley observed what he believed to be marijuana plants inside the well house.

The next day, on March 10, Rackley observed Fite exit the well house carrying a green leafy plant. Rackley and three other officers entered the property, arrested Fite, and conducted a warrantless search of both buildings. The officers seized plants inside the two buildings and also seized plants and other related materials outside the buildings. These plants were tested by the Oklahoma State Bureau of Investigation and determined to be marijuana.

In his first assignment of error, Fite argues the trial court erred in enhancing his sentence under 63 O.S.Supp.1987, § 2–509. Section 2–509 provides that any persons convicted under § 2–509 shall be punished by a fine of not more than $50,000 and imprisonment of not more than ten (10) years. Section 2–509 also provides that any person convicted of a subsequent offense under § 2–509 shall be punished by a term of imprisonment and a fine of not more than twice that otherwise authorized. The trial court enhanced Fite's sentence under § 2–509. However, because his prior convictions were not offenses under § 2–509, Fite's sentence in this case should not have been enhanced under that statute. Instead, the trial court should have enhanced his sentence under 21 O.S.Supp.1985, § 51(B), which is the general enhancement statute for defendants who have been convicted of prior felony offenses.

The State concedes that Fite's prior felony convictions did not arise under § 2–509 and that he should not have been sentenced under that statute. However, the State argues (1) Fite did not object to the error, and the

error is not fundamental; and (2) the error is harmless. We agree in part and disagree in part with the State's contention.

■ Although Fite failed to object to the enhancement instructions, fundamental error occurred when the wrong enhancement statute was used. *Ellis v. State*, 749 P.2d 114 (Okl.Cr.1988). Despite this error, he only received a sentence of twenty years imprisonment, which is the minimum sentence he would have received under § 51(B). Thus, any error as to the term of imprisonment imposed was harmless, and the sentence should not be modified.

The fine imposed is a different matter. Section 2–509 authorizes a fine of $100,000. Section 51(B) does not authorize a fine. Since the fine provision of § 2–509 cannot be combined with the imprisonment provisions of § 51(B), the $100,000 fine cannot stand. *See Gaines v. State*, 568 P.2d 1290, 1294 (Okl.Cr.1977).

However, this conclusion does not mean Fite is exempt from the imposition of any fine. Section 64 of Title 21 is the general statute governing the imposition of fines. Section 64 provides, in pertinent part:

> (B) Upon a conviction for any felony punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding Ten Thousand Dollars ($10,000.00) in addition to the imprisonment prescribed.

Since § 51(B) does not prescribe a fine, the fine provision of § 64 is applicable.

Section 64 authorizes the "court" to impose the fine, not the jury. In *Brown v. State*, 314 P.2d 362, 366 (Okl.Cr.1957), this Court concluded the language in § 64 [1] limiting the authority to impose the fine to the court ran afoul of 22 O.S., §§ 926, 927, and 928, which provide that the jury shall, upon request of the defendant, assess punishment. To bring these statutes into harmony and to protect the statutory right to jury sentencing, the *Brown* Court held that a trial court had authority to impose a fine only where "(1) a jury has been waived and the case is tried to the court; (2) where the jury fails or refuses to assess the penalty; or (3) on a plea of guilty by the defendant." *Id.* at 366. Finally, *Brown* held that where a defendant is tried and sentenced by the jury, the court may not impose a fine under § 64.

The result of *Brown* is to create the anomalous situation where a defendant who pleads guilty can be punished more harshly than a defendant who is convicted by a jury. This discrepancy in treatment makes no sense. Further, since the Court's decision in *Brown*, the Oklahoma legislature has enacted 22 O.S. § 991a governing the trial court's sentencing power. Section 991a grants the trial court certain discretion in sentencing. For example, § 991a provides that after trial, the court may suspend all or part of a defendant's sentence and order a defendant to pay restitution or reimburse a state agency for medical expenses or perform community service. 22 O.S. § 991a(A)(1)(a), (b), (c), (d). Based on the plain language of § 991a, these sentencing options rest in the hands of the trial court and not in the hands of the jury.

■ Section 991a demonstrates the legislature's intent to allow the trial court, in certain circumstances, to impose additional, or alternative, sanctions as prescribed by law. The legislature established the statutory right of jury sentencing and the legislature has the power to modify or alter that right. Like § 991a, § 64 should be given effect and the trial court should be allowed to impose an appropriate fine under § 64 even when the defendant is sentenced to a term of imprisonment by the jury. Of course, nothing in § 64, or in this opinion, entitles the trial court to deviate from the term of imprisonment actually imposed by the jury. Accordingly, we overrule *Brown v. State*, 314 P.2d 362, 366 (Okl.Cr.1957), to the extent that it is inconsistent with this opinion. Further, we modify the fine imposed on Fite from $100,000 to $10,000, the maximum permissible fine under § 64.

---

1. *Brown* was construing an earlier version of § 64 which provided:

    Upon conviction for any crime punishable by imprisonment in any jail or prison, in relation to which no fine is herein prescribed, the court may impose a fine on the offender not exceeding Two Hundred Dollars ($200.00) in addition to the imprisonment prescribed.

■ In his second assignment of error, Fite argues the trial court erred when it failed to grant his request for a continuance. We find this proposition to be without merit. Title 12 O.S.1981, § 668 provides that a motion for a continuance can be made only upon an affidavit showing the materiality of the evidence expected to be obtained ˙and that due diligence has been used to obtain it. In *Waterdown v. State*, 798 P.2d 635, 638 (Okl. Cr.1990), this Court held that the provisions of § 668 must be met before the trial court grants the continuance. *Waterdown* did not prohibit a judge from granting sufficient time to prepare an affidavit based on "new evidence, surprise or other valid reason." *Id.*

In the present case, Fite orally moved for a continuance, but did not offer the required affidavit. Rather he simply produced a doctor's note stating his father, whom he wished to call as a witness, was ill. Fite argues he did not have time to prepare the required affidavit. We disagree with Fite's claim and find he had sufficient time to prepare the affidavit. Further, there was no indication of surprise, new evidence, or other valid reason which would warrant granting him additional time to prepare the affidavit. Under the facts of this case, the trial court did not abuse its discretion in denying his motion.

■ In his third proposition of error, Fite contends the trial court erred in failing to suppress evidence seized during a warrantless search of the buildings on his father's property. The first question this court must address under this proposition of error is whether Fite had standing to raise this issue. The trial court, relying on *Champeau v. State*, 678 P.2d 1192 (Okl.Cr.), *cert. denied*, 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 183 (1984), found he lacked standing. However, one of the elements of the offense of cultivation of marijuana is that the accused "own or control the lands." Both the trial court when it bound him over for trial and the jury when it convicted Fite, had to find this essential element of ownership or control. Standing is met when a defendant has a clear possessory interest in the land. *Dixon v. State*, 737 P.2d 942 (Okl.Cr.1987). Fite has met this showing.

The second issue is whether the warrantless search of the buildings was illegal. The police entered the buildings on Fite's property without a warrant and seized a large number of marijuana plants from the buildings. The State argues the search of the buildings was permissible under the open fields doctrine, which allows police officers to search open fields without a warrant. The State misconstrues the open fields doctrine.

■ Clearly, the open fields doctrine permitted the police to cross Fite's property, look in his fields, and then look in the well house to determine whether marijuana was growing inside the building. *United States v. Dunn*, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987); *Grider v. State*, 743 P.2d 678 (Okl.Cr.1987). However, the open fields doctrine does not permit the officers to enter *the buildings* in the field without a warrant. *United States v. Dunn*, 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987) (in endorsing the open fields doctrine, the Court made clear it was assuming that the police were required to procure a search warrant to enter and search a barn); *Dow Chemical Co. v. United States*, 476 U.S. 227, 236, 106 S.Ct. 1819, 90 L.Ed.2d 226 (1986) (in finding aerial surveillance did not violate fourth amendment, Court stated that the appellant "plainly had a reasonable, legitimate, and objective expectation of privacy within the interior of its covered buildings, and it is equally clear that expectation is one society is prepared to observe"); *State v. Showalter*, 427 N.W.2d 166, 170 (Iowa 1988) (in finding search warrant was required for barn, the court noted that it saw "no reason to give less protection to a locked barn on a farm residence than is given to a locked trunk in a car"). The open fields doctrine cannot justify the search of the buildings.

■ Further, the seizure of the evidence in the buildings cannot be sanctioned by exigent circumstances as there was absolutely no indication the evidence would have been lost or destroyed if the police took the time to secure a search warrant. To the contrary, the police first crossed Fite's property and looked in the buildings on the night of March 9. The police did not actually search the buildings until the morning of March 10.

The police had time to secure a warrant prior to the morning of the search. Further, Fite was under arrest and restrained when the police made the warrantless entry into the buildings. There was no threat the evidence would be destroyed before the officers secured the warrant and conducted a lawful search.

■ Nor can the search be sanctioned under the plain view doctrine. The plain view exception requires that (1) the officers have a lawful right to access to the object in plain view, and (2) the incriminating nature of the item be immediately apparent. *Horton v. State*, 496 U.S. 128, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990); *Roney v. State*, 819 P.2d 286 (Okl.Cr.1991). Absent a search warrant, the police officers had no lawful right to be *inside* the buildings. The police only had a lawful right to be in the field. The plain view exception does not grant the police the authority to enter the building simply because they see something incriminating inside the building. The police must have a warrant, or some other constitutional basis, granting them authority to actually enter the building.

■ The search of the buildings was illegal. However, in this case the error is harmless. Although marijuana was seized from inside the building, the officers also seized marijuana from outside the buildings. The evidence seized outside the buildings was lawful under the open fields doctrine. The officers also could testify about the plants they saw growing inside the well house because the open fields doctrine allows the police to look in the building, although the police may not enter the building without a warrant. Thus, even if the evidence seized from the buildings was excluded there was still sufficient evidence to establish Fite had committed the offense of cultivation of marijuana. Accordingly, we decline to grant relief on this ground.

■ In his fourth proposition of error, Fite complains that the following statement made by the prosecutor during closing argument constituted misconduct: "So you could look at all the evidence, what is presented and what is not—and it's not controverted. Nobody has contested what was presented here." He argues this comment directed the jury's attention to his failure to present a defense and his failure to testify. This contention is without merit.

As stated in *Lewis v. State*, 732 P.2d 1, 3 (Okl.Cr.1987), "when no evidence has been offered by the defense on a particular issue, it may be fairly said that the evidence is undisputed, uncontradicted or unrefuted." Further, to constitute reversible error, the prosecutor's statements must "directly and unequivocally" call the jury's attention to the accused's failure to testify. *Id.* at 3. *Nguyen v. State*, 769 P.2d 167, 172 (Okl.Cr.1988); *Hays v. State*, 617 P.2d 223, 231 (Okl.Cr. 1980); *Wright v. State*, 617 P.2d 1354, 1356 (Okl.Cr.1979). The State's evidence was uncontroverted, and the prosecutor's comments did not direct the jury's attention to Fite's failure to testify. In light of the overwhelming evidence, the prosecutor's comment did not deprive him of his right to a fair trial.

In his final proposition of error, Fite argues his status as an indigent warrants dismissal or modification of his fine. We note his argument is not premature as he has been released from custody. As stated earlier, Fite's fine is modified from $100,000 to $10,000. We are not persuaded to further modify the fine.

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED**, and appellant's fine is **MODIFIED** from $100,000 to $10,000.

LUMPKIN, P.J., specially concurs and files opinion.

JOHNSON, V.P.J., and LANE, J., concur.

STRUBHAR, J., specially concurs.

LUMPKIN, PRESIDING JUDGE, specially concurring.

I concur in the opinion of the Court. I write separately to explain what I perceive to be the rationale behind overruling *Brown v. State*, 314 P.2d 362, 366 (Okl.Cr.1957).

The Court is correct when it observes the right to have a jury help determine sentence

is guaranteed by statute. The pertinent section reads:

> In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury *may, and shall upon the request* of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, *except as herein provided.*

22 O.S.1991, § 926 (emphasis added). The option of jury determination of punishment is discretionary and only becomes mandatory if a defendant makes a separate request for the jury to assess the punishment. The language "except as herein provided" clearly indicates this section can be modified by other sections. The Court cites 22 O.S.1991, § 991a as an example. Another is 22 O.S. 1991, § 982, providing for a presentence investigation to provide the trial court with a more thorough picture of the circumstances of the offense in an effort to aid the court in its sentencing. As these statutes show, the jury's recommendation is not carved in stone, but is a recommendation which the judge should follow unless extenuating circumstances dictate otherwise.

It is because the trial judge has this power to deviate from the jury's recommendation that *Brown* is incorrect. It is my belief that 21 O.S.1991, § 64 is a general punishment provision which, in the absence of a specific fine, should be given to the jury as part of the punishment option.

I disagree with the Court's characterization of the standing issue raised by Appellant. The Court here confuses standing for purposes of suppression with possessory interest in the land required for conviction of the crime with which he was charged. The standing issue must be raised first and determined before the trial court can inquire into the legality of the search or seizure. In this, the burden of proof is on the Appellant. *Champeau v. State,* 678 P.2d 1192, 1195–96 (Okl.Cr.1984), *cert. denied,* 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 183 (1984). The jury's determination Appellant had the necessary possessory interest in the property is a finding made *after* all the evidence has been submitted and after the question whether the evidence should be suppressed. Therefore, Appellant could claim possessory interest for purposes of asserting his motion to suppress without relieving the prosecution of its responsibility to prove the possessory interest to convict him of the crime.

However, I agree with the result reached in the Court's opinion. Accordingly, I concur.

### ORDER GRANTING PETITION FOR REHEARING IN PART AND DENYING PETITION FOR REHEARING IN PART

Larry Don Fite was charged in Bryan County District Court, Case No. CRF–88–89, with Unlawful Cultivation of Marijuana, After Two or More Felonies, in violation of 63 O.S.Supp.1987, § 2–509. Fite was tried by a jury before the Honorable Rocky L. Powers, District Judge. The jury returned a verdict of guilty and recommended Fite be sentenced to twenty (20) years imprisonment and fined $100,000. The trial court sentenced him in accordance with the jury verdict. From this Judgment and Sentence, Fite perfected his appeal in this Court. On December 21, 1993, by published decision, we affirmed Fite's Judgment and Sentence, but modified the fine imposed on Fite from $100,000 to $10,000.

Pursuant to Rule 3.14, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1993, Ch. 18, App., Fite has filed a Petition for Rehearing. Fite raises two propositions in his Petition for Rehearing:

> Proposition I: An unjustified warrantless search violated Mr. Fite's constitutional rights to a fair trial and due process of law.
>
> Proposition II: This Court's decision to assess a new fine against petitioner was arbitrary and violative of principles of due process of law.

Rule 3.14, subd. B of the *Rules of the Court of Criminal Appeals* provides that a petition for rehearing shall be filed only if:

> (1) ...some decision decisive of the case and duly submitted by the attorney of record has been overlooked by the Court, or

(2) ...the decision is in conflict with an express statute or controlling decision to which the attention of this Court was not called either in the brief or in oral argument.

Having examined Fite's Petition for Rehearing, and having been fully advised of the premises, this Court finds that Proposition I of the Petition should be denied. However, we find Fite has raised an issue in Proposition II that requires review by this Court.

This Court found Fite was improperly fined under 63 O.S.Supp.1987, § 2–509 and his original fine of $100,000 could not stand. We concluded, however, that under section 64 of Title 21 a fine of $10,000 could be imposed on Fite. In so holding, we overturned the rule of *Brown v. State,* 314 P.2d 362, 366 (Okl.Cr.1957), which limited the application of section 64 to cases where "(1) a jury has been waived and the case is tried to the court; (2) where the jury fails or refuses to assess the penalty; or (3) on a plea of guilty by the defendant." We held that where a defendant is tried and sentenced by the jury, the court may impose a fine under section 64.

Fite now contends our decision overturning *Brown* should not be applied to him as the application of our new rule to Fite would violate due process. We agree. Our decision to overturn *Brown* was not foreseeable, and Fite lacked fair warning that section 64 could be applied to him. *See Marks v. United States,* 430 U.S. 188, 191–192, 97 S.Ct. 990, 993, 51 L.Ed.2d 260 (1977); *Bouie v. Columbia,* 378 U.S. 347, 353–54, 84 S.Ct. 1697, 1702–03, 12 L.Ed.2d 894 (1964); *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); *Hughes v. State,* 868 P.2d 730, 735 (Okl.Cr. Feb. 5, 1994). Accordingly, we hold the imposition of a fine on Fite was improper.

IT IS THEREFORE THE ORDER OF THE COURT that the Petition for Rehearing filed herein be DENIED IN PART AND GRANTED IN PART. The Judgment and Sentence of Fite is AFFIRMED, and the fine of $10,000 is DISMISSED. The Clerk of this Court is directed to issue the mandate forthwith.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Reta M. Strubhar, Judge
RETA M. STRUBHAR, Judge