**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES EDWARD GARRISON,

      Petitioner-Appellant,

vs.

JAMES L. SAFFLE,

      Respondent-Appellee.

No. 00-6159
(D.C. No. 99-CV-1036-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Petitioner-Appellant Charles Edward Garrison seeks to appeal from the denial of his habeas petition, 28 U.S.C. § 2254. Mr. Garrison was convicted by a jury of Unlawful Delivery of Marijuana After Former Conviction of Two or More Felonies (Counts I and II) and Maintaining a Dwelling House Where Drugs are Kept After Former Conviction of Two or More Felonies (Count III). R. doc. 1

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

(Judgment and Sentence as attachment). He was sentenced to twenty years imprisonment and fined $2,500 on each of Counts I and II, and thirty years imprisonment and $15,000 on Count III. Id. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions on direct appeal, but reduced the Count III fine to $10,000. Id. (Summary Opinion as attachment).

In his habeas petition, Mr. Garrison sought relief on the basis that the trial court (1) failed to properly instruct the jury on the essential elements of Count III, specifically that the violation of law must have been committed "knowingly and intentionally;" (2) erroneously permitted the jurors to retain possession of their notes during an overnight recess; (3) improperly instructed the jury regarding the applicable fines, thereby requiring that the fines on all counts be vacated or that he be resentenced; and (4) improperly responded to a jury question during their deliberations. The district court, adopting the report and recommendation of the magistrate judge, rejected each of Mr. Garrison's four bases for relief. R. doc. 15, 16.

Although the jury instruction did omit the terms "knowingly and intentionally," any error was harmless given the sufficiency of the evidence against Mr. Garrison, including evidence of two instances where he sold controlled dangerous substances from his residence and various drug items found during a search of the residence. See Brecht v. Abrahamson, 507 U.S. 619, 637-

38 (1993); Scoggin v. Kaiser, 186 F.3d 1203, 1207 (10th Cir. 1999). As to claims (2) and (4), they involve alleged violations of state law, not cognizable in federal habeas. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

As to his claim that the fines on all counts should have been vacated or modified because of the trial court's erroneous instructions, we note that on direct appeal Mr. Garrison conceded that he could be fined up to $10,000 on each count based upon Okla. Stat. Ann. tit. 21, § 64 (1983 & Supp. 1997) and Fite v. State, 873 P.2d 293, 294-95 (Okla. Crim. App. 1993), wherein a court may impose a fine in lieu of a jury. R. doc. 10, Att. A at 17-18. The OCCA rejected the claim that the trial court misinstructed the jury on the fine for Counts I and II by instructing that the maximum fine was $20,000 on Counts I and II, rather than $10,000 for each count. Given Mr. Garrison's conviction on both counts and $2,500 fines for each, we fail to see how this could be error, let alone constitutional error. The OCCA modified the fine on Count III to conform to the conceded statutory maximum of $10,000, and rejected the argument that the fines on all counts must be modified or vacated because the court misinstructed the jury that the maximum fine was $100,000. This represents no more than an appellate court tailoring relief–Mr. Garrison has pointed to no authority suggesting that an appellate court is required to grant broader relief than necessary to correct an erroneous jury instruction. To the extent that Mr. Garrison challenges the Fite

procedure on due process grounds insofar as Count III is concerned, such a claim is unexhausted, would be procedurally barred under Okla. Stat. tit. 22, § 1086, and we would not reach it as no cause or prejudice has been suggested, nor is their a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

Mr. Garrison's request for a certificate of appealability is DENIED, Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000), his petition is DISMISSED, and his motion to proceed in forma pauperis is DENIED. The "Request to Enter Amended Opening Brief" is granted.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge